9 So.3d 537 (2007)
Ex parte Jimmy DAVIS, Jr.
(In re Jimmy Davis, Jr.
v.
State of Alabama).
1051719.
Supreme Court of Alabama.
August 3, 2007.
Nicole Townsend Bartow of Pillsbury Winthrop Shaw Pittman, LLP, Palo Alto, California; Richard L. Sharff, Jr., of Bradley *538 Arant Rose & White, LLP, Birmingham; Jack L. Lahr of Foley & Lardner, LLP, Washington, D.C.; William F. Abrams of Bingham McCutchen, LLP, East Palo Alto, California; and Joy L. Langford of Chadbourne & Parke, LLP, Washington, D.C., for petitioner.
Troy King, atty. gen., and Corey L. Maze, asst. atty. gen., for respondent.

On Rehearing Ex Mero Motu
LYONS, Justice.
Jimmy Davis, Jr. was convicted in 1993 of capital murder and was sentenced to death. After two remands to the trial court by the Court of Criminal Appeals,[1] the Court of Criminal Appeals affirmed his conviction and sentence. Davis v. State, 718 So.2d 1148, 1153 (Ala.Crim.App.1995) (opinion on return to second remand). This Court affirmed the judgment of the Court of Criminal Appeals, and the United States Supreme Court denied certiorari review. Ex parte Davis, 718 So.2d 1166 (Ala.1998), cert. denied, 525 U.S. 1179, 119 S.Ct. 1117, 143 L.Ed.2d 112 (1999).
Davis filed a Rule 32, Ala. R.Crim. P., petition on January 20, 2000, alleging, among other things, ineffective assistance of counsel. The State did not raise in the trial court defenses to Davis's ineffective-assistance-of-counsel claims based on Rule 32.2(a), Ala. R.Crim. P., which establishes grounds for the preclusion of claims for postconviction relief. The trial court's order denying Davis's Rule 32 petition included determinations on the merits adverse to Davis on each of his ineffective-assistance-of-counsel claims. Davis appealed the trial court's denial to the Court of Criminal Appeals; that court held, sua sponte, that Davis's ineffective-assistance-of-counsel claims were procedurally barred by Rule 32.2(a)(3) and 32.2(a)(5), i.e., that they could have been raised at trial or on appeal but were not. Davis v. State, 9 So.3d 514 (Ala.Crim.App.2006). This Court denied Davis's petition for certiorari on February 16, 2007. Ex parte Davis (No. 1051719).
On May 4, 2007, this Court released its opinion in Ex parte Clemons, [Ms. 1041915, May 4, 2007] ___ So.3d ___ (Ala. 2007). In Ex parte Clemons, this Court held that the procedural bars to postconviction relief contained in Rule 32.2(a), Ala. R.Crim. P., were not jurisdictional and therefore could be waived, abrogating the Court of Criminal Appeals' holding in this case. On the same day it released its decision in Ex parte Clemons, this Court withdrew the certificate of judgment it had issued in Ex parte Davis, placed Ex parte Davis on rehearing ex mero motu, and granted Davis's petition for a writ of certiorari limited solely to the issue whether the rule announced in Ex parte Clemons, dealing with waiver of grounds of preclusion, requires the reversal of the Court of Criminal Appeals' judgment in Davis's appeal from his Rule 32 petition.
The State now concedes that Ex parte Clemons requires reversal of the Court of Criminal Appeals' judgment in this case and urges this Court to remand the case to the Court of Criminal Appeals for the limited purpose of reviewing the merits of the ineffective-assistance-of-counsel claims raised in Davis's appeal to that court.[2] *539 Davis opposes the State's view of the appropriate further proceedings and argues that the Court of Criminal Appeals has already addressed the merits of his claims. Davis points to dictum in the affirmance by the Court of Criminal Appeals of the trial court's judgment denying his Rule 32 petition as to one of Davis's ineffective-assistance-of-counsel claims. The court stated:
"Davis's most troubling claim is that counsel failed to investigate and present mitigation evidence at the penalty phase. The evidence Davis alleges should have been discovered and presented is powerful. Had this issue not been procedurally barred we would be compelled to grant relief and order a new sentencing hearing."
9 So.3d at 522 (emphasis added). Davis urges that this Court either (a) address all of his claims on their merits and reverse the judgment of the Court of Criminal Appeals and order that court to remand the case for a new trial, or (b) remand the case with instructions to the Court of Criminal Appeals to grant relief on Davis's claim that counsel rendered ineffective assistance at the penalty phase of his trial, the issue addressed by the Court of Criminal Appeals in dictum, and to consider the merits of Davis's claims that his counsel rendered ineffective assistance at the guilt phase of his trial.
We agree with the State that these alternatives should be rejected. We decline to address issues not previously considered on the merits by the Court of Criminal Appeals, nor are we disposed to direct that court to embrace previous dictum as to Davis's claim regarding ineffective assistance of counsel at the penalty phase.
We reverse the judgment of the Court of Criminal Appeals and remand the case for that court to consider all Davis's ineffective-assistance-of-counsel claims on their merits.
REVERSED AND REMANDED.
SEE, WOODALL, SMITH, BOLIN, PARKER, and MURDOCK, JJ., concur.
STUART, J., concurs specially.
COBB, C.J., recuses herself.
STUART, Justice (concurring specially).
I recognize the principle of stare decisis, and, in light of this Court's holding in Ex parte Clemons, [Ms. 1041915, May 4, 2007] ___ So.3d ___ (Ala.2007), I concur in the majority's decision. I, however, adhere to my writing in Clemons, in which I maintained "if the sua sponte application of the waived procedural bar does not `probably injuriously affect[] substantial rights' of the petitioner or the State, it is appropriate for the appellate court to apply the procedural bar." ___ So.3d at ___ (Stuart, J., concurring in the result).
NOTES
[1] See Davis v. State, 718 So.2d 1148 (Ala. Crim.App.1995), 718 So.2d at 1152 (July 3, 1996, opinion on return to remand), and 718 So.2d at 1153 (March 21, 1997, opinion on return to second remand).
[2] Although this Court recognized in Ex parte Clemons that extraordinary circumstances could permit the sua sponte invocation of procedural bars by an appellate court, the State expressly disavows the presence of any such circumstances in this proceeding.